1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ERNEST EPPS, | CASE NO. 10cv1949-BEN (MDD) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION |
| vs. | |
| N. GRANNIS, et al., | [ECF No. 20] |
| Defendant. | |

On February 22, 2011, Plaintiff, a prisoner incarcerated at Calipatria State Prison and proceeding *pro se,* filed a Motion For a Temporary  Restraining Order And/Or Preliminary Injunction. (Doc. No. 20).  In his Motion, Plaintiff states that injunctive relief is necessary to prevent ongoing violations of his First Amendment Freedom to Free Exercise of Religion.  Id.  On June 10, 2011, Defendants filed a Motion in Opposition (Doc. No. 54).  On June 22, 2011, Plaintiff filed a Reply to Defendants' Opposition.  (Doc. No. 56).

In his Motion, Plaintiff claims that an injunction is necessary because he has been "denied his right to free exercise and expression of religion."  (Doc. No. 20).  Plaintiff argues that if his Motion is not granted, these violations will continue.  Id.  Specifically, Plaintiff contends that: (1) he should be allowed into the Kosher diet program as his "heart risk and bad cholesterol are rising"; (2) he should be able to receive "special religious packages" and "religious artifacts"; (3) that he and other Muslims be allowed to attend worship services; and (4) that his Ramadan and

1    'Eidul Fitr prayers have been severely hindered and/or refused."  Id.

2         Injunctive relief is appropriate only when "irreparable injury" is threatened, City of Los

3    Angeles v. Lyons, 461 U.S. 95, 111 (1983), and any injunctive relief awarded must avoid

4    unnecessary disruption to the state agency's "normal course of proceeding."  O'Shea v. Littleton,

5    414 U.S. 488, 501 (1974) ("proper balance in the concurrent operation of federal and state courts

6    counsels restraint against the issuance of injunctions against state officers").

7         A preliminary injunction is an "extraordinary remedy."  Winter v. Natural Resources

8    Defense Council, Inc., 555 U.S. 7, 129 (2008) (internal citation omitted).  The court must balance

9    "the competing claims of injury, ... the effect on each party of the granting or withholding of the

10   requested relief, ... the public consequences in employing the extraordinary remedy of injunction,"

11   and plaintiff's likelihood of success.  Id. at 374, 376-77 (quoting Amoco Prod. Co. v. Gambell, 480

12   U.S. 531, 542 (1987)); Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).  In order to

13   obtain a preliminary injunction the plaintiff must establish that "he is likely to succeed on the

14   merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

15   balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555

16   U.S. at 137.

17        An even more stringent standard is applied where mandatory, as opposed to prohibitory,

18   preliminary relief is sought.  "[W]here a party seeks mandatory preliminary relief that goes well

19   beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing

20   a preliminary injunction."  Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th

21   Cir.1984).  Thus, an award of mandatory preliminary relief is not to be granted unless both the

22   facts and the law clearly favor the moving party and extreme or very serious damage will result.

23   See Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir.1979).  "[I]n doubtful cases" a

24   mandatory injunction will not issue.  Id.

25        **A.    Irreparable Injury**

26        First, in order to succeed on his Motion, Plaintiff must show that he will suffer irreparable

27   injury.  Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).  Here, Plaintiff alleges that he

28   has been denied his rights to Free Exercise and Expression of Religion.  (Doc. No. 20).  Plaintiff

1   asserts that, as a matter of law, an ongoing deprivation of constitutional rights constitutes

2   irreparable injury.  Id.  Defendant contends that Plaintiff has failed to show he will suffer

3   irreparable injury, because he has not established how he will suffer a constitutional deprivation.

4   (Doc. No. 50).  Specifically, Defendants contend that Plaintiff has not shown how the Kosher diet

5   interferes with his religious exercise, what "religious packages" and "artifacts" he is being barred

6   from receiving, or how he is being prevented from worshiping.  Id.

7        Plaintiff cites Elrod v. Burns, 427 U.S. 347, 373 (1987) for the proposition that the

8   deprivation of constitutional rights, as a matter of law, constitutes irreparable injury.  Defendants

9   counter that Elrod was a Freedom of Association case, not a Free Exercise case.  (Doc. No. 50).

10  Defendant's argument is unavailing.  The "loss of First Amendment freedoms, for even minimal

11  periods of time, unquestionably constitutes irreparable injury."  Elrod v. Burns, 427 U.S. at 347.

12  Furthermore, the "loss of an ability to practice a central tenet of one's religion for any extended

13  amount of time is clearly an irreparable injury."  Luckette v. Lewis, 883 F. Supp. 471, 483 (D.

14  Ariz., 1995).

15       However, even though Plaintiff is correct that the deprivation of his right to Free Exercise

16  of Religion is an irreparable injury, he has not shown how he suffered a constitutional deprivation.

17  His Motion contains vague allegations that he has not been allowed to worship, but there is no

18  indication that this is actually the case.  He has not stated, with specificity, how his ability to

19  worship was constrained.  Furthermore, though Plaintiff contends that this current diet is

20  unhealthy, a proposition unsupported in Plaintiff's Motion, he has not explained how the current

21  diet violates the tenets of his religion.  (See Doc. No. 20).  While he states that his chronic

22  constipation and flatulence causes him to "be in a continous [sic] state of ritual impurity," it is

23  does not appear that he must be placed on the Kosher diet to cure this problem.  Defendants state

24  that Plaintiff can be placed on a medical needs diet or receive other medical treatment.  (Doc. No.

25  50 at 5).

26       Thus, Plaintiff has not clearly established that he will suffer an irreparable injury if an

27  injunction is not granted.

28  ///

- 3 -

1

### B.      Likelihood of Success on the Merits

2        Even if Plaintiff has established irreparable injury, he has not established a likelihood of

3   success on the merits.  Plaintiff states that he has shown a likelihood of success, and cites <u>Shakur</u>

4   <u>v. Schiro</u>, 514 F.3d 878 (9th Cir. 2008) in support.  In <u>Shakur</u>, a Muslim inmate argued that the

5   prison's refusal to provide him with a Kosher diet unconstitutionally burdened his religious

6   exercise.  <u>Id.</u>  Contrary to Plaintiff's assertions, the <u>Shakur</u> Court did not hold that the plaintiff was

7   unconstitutionally burdened .  <u>See id.</u>  The <u>Shakur</u> court merely noted that, at the summary

8   judgment phase, under the four factor <u>Turner</u> test to determine if the challenged prison regulation

9   is valid, at least two of the factors weighed in favor on the prison, and the other two were too close

10  to determine at the summary judgment phase.  Ultimately, the Ninth Circuit merely held that

11  unresolved factual issues, such as whether there were alternative diet programs,  precluded

12  summary judgment.  <u>Id.</u>  Here, Defendants have already stated that Plaintiff can be placed on an

13  alternative medical diet.  (Doc. No. 50).  Thus, Plaintiff has not established a likelihood of success

14  on the merits.

15

### C.      Balance of Equities

16       Plaintiff has not shown that the balance of hardships weighs in his favor.  In his Motion,

17  Plaintiff contends that he will face ongoing suffering if an injunction is not granted, and that

18  Defendants face no hardship if an injunction is granted.  (Doc. No. 20).  Defendants contend that

19  an injunction would increase costs in the prison, as the Kosher meals cost more than the religious

20  alternative diet, and that Defendants would have to completely restructure prison policy during

21  Muslim holidays, which could jeopardize prison security.  While it is unclear if the argument that

22  the Kosher meal costs more is valid, <u>See Shakur</u>, 514 F.3d at 891, Defendants' other argument is

23  valid.  Plaintiff's vague and general request that Muslim inmates be allowed to move more freely

24  about the prison would require Defendants to radically alter prison policies; policies put in place to

25  ensure the safety and security of the facility.  Because there is considerable burden to Defendants

26  and Plaintiff has not clearly established what burden he faces if an injunction is not granted, this

27  factor weighs in favor of Defendants.

28  / / /

1          **D.      Effect of an Injunction on the Public Interest**

2          Finally, Plaintiff has not shown that an injunction would be in the public interest.  Plaintiff

3 contends that an injunction will serve the public interest because it is always in the public interest

4 for prison officials to obey the law.  (Doc. No. 20).  However, Plaintiff has not shown that

5 Defendants are violating the law, or that he is likely to succeed on his claim that Defendants are

6 violating the law.  Defendants, on the other hand, contend that there is a public interest in orderly

7 and safe prisons, as well as maintaining the cost of prisons.  (Doc. No. 50).  The Court agrees, and

8 finds that this factor weighs in favor of Defendants.

9          **E.      Conclusion**

10         Because Plaintiff has not shown that any factor weighs in his favor, his Motion for a

11 Temporary Injunction is **DENIED**.

12         **IT IS SO ORDERED.**

13 DATED:  July 26, 2011

14

15                                    Hon. Mitchell D. Dembin
                                       U.S. Magistrate Judge
16

17