# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ERNEST EPPS,<br><br>            Plaintiff,<br><br>    vs.<br><br>N. GRANNIS, et al.,<br><br>            Defendants. | CASE NO. 10-cv-1949 BEN (MDD)<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING IN PART REPORT AND RECOMMENDATION RE: MOTION TO DISMISS**<br><br>[Docket Nos. 47] |

## I. INTRODUCTION

Plaintiff Omar Ernest Epps, a prisoner at California's Calipatria State Prison proceeding *pro se*, filed a First Amended Complaint on February 26, 2011. In his Amended Complaint he names thirteen defendants in six counts alleging fifteen claims for relief. On May 12, 2011, Defendants filed a Motion to Dismiss. On December 1, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted in part and denied in part. Plaintiff filed Objections to the Report and Recommendation on December 21, 2011. Defendants filed a Reply to the Objections on January 13, 2012. Consideration of the Report and Recommendation awaited the outcome of Plaintiff's appeal to the Ninth Circuit Court of Appeals regarding this Court's ruling denying Plaintiff's motion for a preliminary injunction. The appeal has been decided. The ruling has been affirmed and the

Mandate issued last week.

The Court need only conduct a *de novo* review of those claims and issues to which Plaintiff objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Now, having reviewed the Objections to the Report and Recommendation on Defendants' Motion to Dismiss *de novo*, the Report is adopted in part and Plaintiff's Objections are overruled in part. Defendants' Motion to Dismiss is granted in part and denied in part.

## II. DISCUSSION

Plaintiff's many claims for relief may be roughly grouped into two categories: (a) the § 1983 claims; and (b) the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") claims. Plaintiff does not object to the Report's recommendations concerning the § 1983 claims in Counts 3 and 4 of the Amended Complaint. Nor does he object to the recommendation concerning the § 1983 claim contained in Count 5 of the Amended Complaint. Therefore, the Report and Recommendation concerning those claims is adopted and the § 1983 claims in Counts 3 and 4 are dismissed. Additionally, the § 1983 claim in Count 5 is dismissed against all Defendants except Defendant Meister.

As to the remaining claims for relief,[1] after reviewing *de novo* the Amended Complaint and the Motion to Dismiss, the Court finds as follows:

Count 1 describes events that took place in 2006. Count 2 describes events that took place in February 2008. Since the case was filed in September 2010, the Report recommends that the § 1983 claims be dismissed as barred by the applicable two-year statute of limitations. Plaintiff argues that the violations are ongoing, but this is not evident from the face of the Amended Complaint. Therefore, the recommendation is adopted and the § 1983 claims in Count 1 and 2 are

---

[1] *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1 dismissed as time barred.

2 Counts 1 and 2 also describe violations of RLUIPA.  The Report recommends dismissing
3 Count 1 while permitting Count 2 to go forward.  This Court declines the recommendation
4 regarding Count 1 – finding instead that, construing the Complaint liberally, Plaintiff has in fact
5 stated a claim for relief under RLUIPA in Count 1.  Therefore, the motion to dismiss as to the
6 RLUIPA claims in Counts 1 and 2, is denied.

7 As noted above, there are no objections concerning Counts 3 & 4.  The Report
8 recommends  denying the motion to dismiss the RLUIPA claims in Counts 3 & 4, and the
9 recommendation is adopted.

10 The Report recommends dismissing the RLUIPA claim in Count 5.  This Court declines
11 the recommendation regarding Count 5 – finding instead that, construing the Complaint liberally,
12 Plaintiff has in fact stated a claim for relief under RLUIPA in Count 5.  Therefore, the motion to
13 dismiss as to the RLUIPA claim in Count 5, is denied.

14 The Report recommends dismissing the § 1983 claim in Count 6 for lack of specificity.
15 Plaintiff focuses his Objections on the RLUIPA claim in Court 6, rather than the § 1983 claim.
16 This Court agrees with the Report and finds Count 6 fails to state a claim under § 1983.  Therefore
17 the motion to dismiss is granted as to the § 1983 claim in Count 6.

18 The Report also recommends dismissing the RLUIPA claim in Count 6.  This Court
19 declines the recommendation regarding Count 6 – finding instead that, construing the Complaint
20 liberally, Plaintiff has in fact stated a claim for relief under RLUIPA in Count 6.  Therefore, the
21 motion to dismiss as to the RLUIPA claim in Count 6, is denied.

22 Finally, all Defendants move for dismissal on the basis of qualified immunity.  The Report
23 recommends against dismissal at this point in the case because qualified immunity is not obvious
24 from the face of the Amended Complaint.  *See Groten v. California*, 251 F.3d 844, 851 (9th Cir.
25 2001); *Rupe v. Cate*, 688 F. Supp. 2d at 1050.  Neither party objects to this recommendation.
26 Therefore, the recommendation is adopted and the motion to dismiss on the basis of qualified
27 immunity is denied.

28

## III. CONCLUSION

Accordingly, Defendants' Motion to Dismiss the First Amended Complaint is granted in part, and denied in part, as follows:

<u>Section 1983 Claims.</u>

The recommendation is adopted and the § 1983 claims in Count 1 and 2 are dismissed as barred by the statute of limitations.

The recommendation is adopted and the § 1983 claims in Counts 3 and 4 are dismissed.

The recommendation is adopted and the § 1983 claim in Count 5 is dismissed against all Defendants *except* Defendant Meister.

The recommendation is adopted and the § 1983 claim in Count 6 is dismissed.

To sum up, all of the § 1983 claims against all Defendants are dismissed, except claim 5 against Defendant Meister.  The motion to dismiss on the basis of qualified immunity is denied.

<u>RLUIPA Claims.</u>

The recommendation is declined and the motion to dismiss the RLUIPA claims in Counts 1, 5 and 6, is denied.  The recommendation is adopted and the motion to dismiss the RLUIPA claims in Counts 2, 3 and 4, is denied.  To sum up, all of the RLUIPA claims for prospective injunctive relief may go forward.[2]

IT IS SO ORDERED.

DATED: March 26, 2012

Hon. Roger T. Benitez
United States District Judge

---

[2] This assumes for purposes of the motion to dismiss that the claims are not moot. *See e.g.*, *Alvarez v. Hill*, __ F.3d __, 2012 WL 164507 *1 (9th Cir. Jan. 20, 2012).

- 4 -