**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OMAR ERNEST EPPS,<br><br>                  Plaintiff,<br>vs.<br><br>N. GRANNIS, et al.,<br><br>                  Defendants. | Case No. 10cv1949 BEN (KSC)<br><br>**ORDER DISPOSING OF ORDER TO SHOW CAUSE, DISMISSING SOME CLAIMS AS MOOT, AND AMENDING SCHEDULING ORDER** |

## I. INTRODUCTION

Plaintiff Omar Ernest Epps, a prisoner at California's Calipatria State Prison proceeding *pro se*, filed a First Amended Complaint on February 26, 2011. In his Amended Complaint he named fourteen defendants in six counts alleging fifteen claims for relief.

## II. DISCUSSION

Plaintiff's many claims for relief may be roughly grouped into two categories: (a) the § 1983 claims; and (b) the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") claims. Previously, all of the § 1983 claims were dismissed against all of the Defendants except the claim in Count 5 against

Defendant Meister in his individual capacity.[1] At the same time the civil rights claims were dismissed, an Order to Show Cause was issued because it appeared that the RLUIPA claims may be moot. Plaintiff filed his response arguing that his RLUIPA claims are not moot.

## A. Mootness Doctrine

Federal courts have an obligation to inquire as to their jurisdiction, because Article III, § 2 of the Constitution limits the jurisdiction of federal courts to ongoing "Cases" or "Controversies." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11-12 (2004). Article III standing requires that a plaintiff show that he has "suffered a concrete and particularized injury that is either actual or imminent." *Id.* Standing is evaluated at the time suit is filed. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000). Mootness is the doctrine of standing set in a time frame. That is, standing "must continue throughout" the case. *Id.* at 189; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 556 (9th Cir. 2010). "A claim is moot when the issues presented are no longer live." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (citations omitted) (finding moot a prisoner's RLUIPA claim). As the Ninth Circuit put it in the case of *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-1129 (9th Cir. 2005):

> It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies. See U.S. CONST. art. III, § 2, cl. 1. For a case to fall within the parameters of our limited judicial power, "it is not enough that there may have been a live case or controversy when the case was decided by the court whose judgment we are reviewing." Rather, Article III requires that a live controversy persist throughout all stages of the litigation. Where this condition is not met, the case has become moot, and its resolution is no longer within our constitutional purview. Because "mootness is a jurisdictional issue," we are obliged to raise it sua sponte.

---

[1] Defendants' motion to clarify (filed Nov. 19, 2012, dkt. no. 90) this Court's Order (filed Mar. 27, 2012, dkt. no. 74) is denied.

- 2 -

(Citations omitted.)

## B.  No Damages Claims Under RLUIPA

Plaintiff sought money damages and injunctive relief against the individual defendants.  However, RLUIPA does not provide money damages against prison officials, whether sued in their official capacity or individual capacity. *Alvarez*, 667 F.3d at 1063 (RLUIPA does not provide for damages against state official capacity defendants); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010) (same); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (RLUIPA does not provide for damages against individual capacity defendants for denial of kosher meals); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir. 2009) (RLUIPA does not provide for damages against individual capacity defendants); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009) (same); *Smith v. Allen,* 502 F3d 1255, 1275 (11th Cir. 2007) (same).  Without damages claims available under RLUIPA, Plaintiff has only claims for injunctive relief.  With no actual or imminent ongoing injury which can be remedied by injunctive relief, some of Plaintiff's RLUIPA claims are moot.

## C.  Live Case or Controversy Evaluation of RLUIPA Claims

Count 1 describes events that took place in 2006.  Counts 2, 3, 4, and 5 describe events that took place in 2008.  Count 6 describes a cell search that took place in 2010.  The case was filed in September 2010.

The RLUIPA claim in Count 1 is moot.  Count 1 describes a claim arising from October 2006.  At that time, Plaintiff claims he was a Muslim and that there was no Muslim chaplain.  Because there was no Muslim chaplain, there was no one who would permit him to break fast in a particular way.  Plaintiff says his religion requires him to break fast in the prison chapel with a piece of fruit.  The prison has had a Muslim chaplain since that time, according to Plaintiff, but he fears that the current chaplain is transferring out and may not be replaced, and he would face a

- 3 -

1  repeat of the events from 2006.  This is too speculative a basis for federal
2  jurisdiction.  The alleged injury-in-fact is now seven years past.  To avoid dismissal,
3  the claim must fall within the exception for cases that are capable of repetition yet
4  evade review.  *Alvarez*, 667 F.3d at 1067.  To fit within the exception, the future
5  possible injury must be both brief and reasonable to expect.  *Id.*  Count 1 meets the
6  briefness requirement, but not the reasonable expectation requirement.  Plaintiff's
7  expectation is entirely speculative.  The current chaplain might leave.  A
8  replacement might not be installed.  The non-Muslim interim designee might not
9  permit Plaintiff to break fast in the chapel with a piece of fruit when prison
10 conditions would otherwise permit.  That may be possible.  But it is not a
11 demonstrated probability.  *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) ("The Court
12 has never held that a mere physical or theoretical possibility was sufficient to satisfy
13 the test.").   The exception requires the latter.  *Id.*  ("Rather, we have said that there
14 must be a 'reasonable expectation' or a 'demonstrated probability' that the same
15 controversy will recur involving the same complaining party.").  Count 1 is
16 dismissed as moot.

17       Count 2 is not moot.  Since 2008, Plaintiff has sought for religious reasons a
18 kosher diet while in prison.  Apparently, prison officials continue to consider
19 Plaintiff not Jewish and therefore, not qualified to receive a kosher diet.  Whether
20 RLUIPA requires this or not remains to be judged.  *See e.g., Shakur v. Schriro*, 514
21 F.3d 878 (9th Cir. 2008) (considering prison provision of kosher and halal diets to
22 Muslim inmate under RLUIPA).  However, if it is a legal injury, it is an ongoing
23 injury and not moot.

24       Count 3 describes events in 2008.  According to the Complaint, a prison riot
25 led to a lockdown.  Because of the lockdown, Plaintiff was not permitted to observe
26 Ramadan in a group setting.  Five years have passed.  Plaintiff argues that
27 lockdowns are routine and may occur in the future which may again prevent him
28

- 4 -

1 from observing Ramadan congregationally.  As is the claim in Count 1, the claim in
2 Count 3 is moot.  Plaintiff's response that any right under RLUIPA to
3 congregational observance of Ramadan may be denied in the future is too
4 speculative to satisfy the exception to the mootness doctrine.  In other words,
5 Plaintiff has not made out a "demonstrated probability" that the same lockdown
6 affecting the same prisoners will recur during the same religious season as had
7 occurred in 2008.

8      Count 4 mirrors Count 3 in most respects and is also moot.  The event
9 described in Count 4 occurred in 2008, and Plaintiff has not demonstrated a
10 probability that the same type of lockdown, affecting the same prisoners, will recur
11 during the same twice-a-year religious period.

12      Count 5 describes two claims.  One claim describes an incident that occurred
13 in 2008 that is not likely to re-occur in the future.  According to the Complaint, a
14 package of halal food had been shipped to Plaintiff for his observance of Ramadan.
15 Ramadan ended on October 2, 2008.  The prison normally accepts late Ramadan
16 packages for prisoners up to 10 days after the end of Ramadan.  That year late
17 packages were accepted until Friday, October 10, 2008.  The United States Postal
18 Service attempted delivery on October 10th and 11th but each time the delivery was
19 refused.  Plaintiff never received his package.  This 2008 event is not likely to re-
20 occur.  Therefore, the claim under RLUIPA is moot.[2]

21      The second claim describes a policy by prison officials that "penaliz[es] the
22 Muslim population for using a religious vendor over a non-religious vendor" for
23 prisoner purchases.  According to the Complaint, the policy is ongoing.  According
24 to Plaintiff's response to the Order to Show Cause, as recently as 2012, the policy

---

26 [2]The § 1983 claim against prison employee Meister (the person who refused to accept the package in 2008) remains to be tried, unless he is entitled to qualified immunity.

- 5 -

continues to "hinder[ ] Plaintiff's ability to have religious packages delivered in a timely manner." Plaintiff's claim that this ongoing policy violates RLUIPA is not moot. It is a live case and controversy that remains to be decided.

Count 6 describes a search of Plaintiff's prison cell that took place on April 26, 2010. Plaintiff claims his religious books and a self-defense manual were removed and never returned. While it remains to be seen whether Plaintiff can prove an RLUIPA violation due to the continued withholding of his religious books, the claim cannot be said to be moot. *See e.g., Forter v. Geer,* 868 F. Supp. 2d 1091, 1104-05 (D. Ore. 2012) (granting summary judgment against plaintiff on RLUIPA claim that prison officials continued to withhold eight religious pamphlets taken from Plaintiff's mail). Therefore, Count 6 remains to be tried.

### III. CONCLUSION

The RLUIPA claim in Count 2 about a prison policy of denying Plaintiff kosher diets, the RLUIPA claim in Count 5 about a prison policy on Plaintiff's purchasing through religious vendors, and the RLUIPA claim in Count 6 about a policy of retaining Plaintiff's confiscated religious books appear to describe a continuing case or controversy. These claims may be tried on the merits. The other RLUIPA claims are moot. Finally, as found in this Court's earlier order, the § 1983 claim against prison employee Meister, in his individual capacity, also remains to be tried.

The Scheduling Order filed September 11, 2012 is hereby amended. Paragraph 10 regarding the filing of dispositive motions is vacated.

Summary Judgment Motions shall be filed, if at all, no later than August 2, 2013. Opposition briefs shall be filed no later than August 16, 2013. Reply briefs may be filed no later than August 26, 2013. Motions will be decided on the briefs without oral argument.

## IV. *Rand / Klingele* Notice

This notice is required to be given to you pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):

The Defendants may file a Motion for Summary Judgment by which they seek to have your case dismissed. A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

IT IS SO ORDERED.

DATED: June 27, 2013

Hon. Roger T. Benitez
United States District Judge