UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| OMAR ERNEST EPPS, | Case No. 10cv1949 BEN (KSC) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) DENYING DEFENDANTS' FIRST EX PARTE APPLICATION TO CORRECT THE COURT'S CLERICAL ERROR; and** |
| N. GRANNIS, et al., | **(2) DENYING DEFENDANTS' SECOND EX PARTE APPLICATION TO CORRECT THE COURT'S CLERICAL ERROR** |
| Defendants. | **[Dkt. Nos. 112 & 117]** |

## I. INTRODUCTION

Defendants have filed two ex parte applications to correct clerical errors. Plaintiff has yet to file a response to either. The requests are denied.

## II. THE DISCOVERY ORDER

On June 27, 2013, this Court resolved Plaintiff's motion to compel discovery. Correctional Defendants Janda, Greenwood, and Pickett were ordered to respond to Plaintiff's individual interrogatories. Defendants Janda, Greenwood, and Pickett are

- 1 -

named in the Complaint and executed waivers of service of summons. Nevertheless, they assert that they are no longer parties. Since non-parties need not answer interrogatories propounded under FRCP 33, they argue that the Court erred in ordering Janda, Greenwood, and Pickett to answer Plaintiff's interrogatories. The question, then, is whether Janda, Greenwood, or Pickett have been dismissed as defendants.

Defendants argue that the only remaining RLUIPA claims are found in Counts 2, 5, and 6. They correctly point out that Plaintiff has not alleged the personal involvement of Janda, Greenwood, or Pickett in the acts constituting the alleged RLUIPA violations in Counts 2, 5, or 6. But a plaintiff is not required to do so when seeking injunctive relief against official capacity[1] defendants. The Ninth Circuit recently pointed out (in another prisoner RLUIPA action), "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. Calif. Dep't of Corrections*, 707 F.3d 1114, 1127 (9th Cir. 2013). Instead, a plaintiff need only name an official who can appropriately respond if injunctive relief is granted. *Id.* ("Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and *name the official within the entity who can appropriately respond to injunctive relief*.") (emphasis added).

Janda, Greenwood, and Pickett are sued in their official capacities and are alleged to be in supervisory positions at the Calipatria State Prison. There has been no evidence at this point showing that they are not officials "within the entity who can appropriately respond to injunctive relief." Perhaps that evidentiary showing

---

[1] "An official-capacity suit 'represents only another way of pleading an action against an entity of which an officer is an agent.' 'Suits against state officials in their official capacity therefore should be treated as suits against the State.'" *Hartmann v. Calif. Dep't of Corrections*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).

will be made in a motion for summary judgement or perhaps at trial. At present, however, neither Janda, Greenwood, nor Pickett (in their official capacities) have been dismissed from the case.

Therefore, the first motion to correct the discovery order is denied.

### III. THE SUMMARY JUDGMENT FILING DATE

In its Order dated June 27, 2013, this Court advanced the date for filing summary judgment motions to Friday, August 2, 2013.[2] This is a change, as the cutoff date for all pretrial motions had been Monday, August 19, 2013. The deadline for *other* pretrial motions *remains* Monday, August 19, 2013.

In their second ex parte request to correct, Defendants in essence seek more time for filing summary judgment motions. The request is denied.

### IV. SERVICE OF FUTURE PLEADINGS

Defendants have now filed three ex parte motions due to time constraints. While pursuing relief on shortened time frames is understandable, it may lead to Plaintiff not being heard. Counsel for Defendants explain that they have only Plaintiff's mailing address and that as a result, they have only been able to give him notice via U.S. Mail.[3] Plaintiff is a state prisoner. Counsel represents the warden and other supervisory officials at the prison where Plaintiff is incarcerated.

To alleviate future delays in serving papers on Plaintiff, Counsel for Defendants are hereby directed to use a method to expedite service of pleadings and

---

[2] Defendants suggest that the Court must have meant September 2, 2013 for summary judgment motions. It did not. Moreover, September 2, 2013 is a federal holiday. The Court did mistakenly refer to the new filing date as Monday, August 5, 2013, instead of the correct date of Friday, August 2, 2013 in its recent Order of July 15th, denying Defendants' ex parte application to continue time for completing discovery or filing dispositive motions.

[3] "My firm cannot feasibly give plaintiff direct notice of this ex parte application since he did not provide a telephone or facsimile number. We sent this application to Plaintiff via mail on July 16, 2013." *See* Declaration of Gabrielle De Santis Nield, Esq., in support of Ex Parte Application (signed July 16, 2013).

other papers to Plaintiff, whether by use of overnight delivery services or facsimile service or electronic delivery services or some other means through the Calipatria State Prison litigation coordinator.

IT IS SO ORDERED.

DATED: July 23, 2013

_____
Hon. Roger T. Benitez
United States District Judge